BILAL A. ESSAYLI
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
PAUL (BART) GREEN (Cal. Bar No. 300847)
Assistant United States Attorneys
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-0805
    Email: Paul.Green@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SOUTHERN CALIFORNIA EDISON COMPANY and DOES 1 to 10, <br><br> Defendants. | No. 2:25-cv-08357 <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, United States of America, hereby alleges as follows:

## PRELIMINARY STATEMENT

1. This action arises out of the "Eaton Fire," a wildfire that ignited on January 7, 2025, on or near National Forest Systems lands within the Angeles National Forest in Los Angeles County, California.

2. The Eaton Fire ignited from faulty power infrastructure or by sparks from faulty power infrastructure owned, maintained, and operated by defendant Southern California Edison Company ("SCE").

3. The Eaton Fire burned nearly 8,000 acres of National Forest System lands within the Angeles National Forest. Forest Service roads, trails, campgrounds and other facilities were destroyed or damaged by the fire and/or at risk from numerous geological hazards as rolling/falling rocks, debris slides, debris flows, and floods. Multiple miles of recreational trails visited by hundreds of thousands of people per year as well as campgrounds were closed due to the Eaton Fire, including the Echo Mountain Picnic Area and Inspiration Point historical sites. The fire also impacted water quality in the burn area and beyond, and the severity of the burn allowed for invasion by non-native species.

4. In addition to the damage to the national forest, the Eaton Fire caused catastrophic damage to neighboring communities, burning over 10,000 structures and claiming 18 lives.[1]

5. The United States brings claims against Defendants to recover for suppression costs and rehabilitation of the National Forest System lands, among other damages.

## PARTIES

6. Plaintiff United States owns and manages National Forest System lands in

---

[1] *See Eaton Fire becomes second-most destructive wildfire in California history*, NBC Los Angeles (Jan. 14, 2025), available at https://www.nbclosangeles.com/news/california-wildfires/eaton-fire-most-destructive-california-wildfires/3604825/.

2

Los Angeles County, California. The United States Department of Agriculture Forest Service ("Forest Service"), which is an agency and instrumentality of the United States, protects, controls, supervises, and administers this land.

7. Defendant SCE was and is a public utility organized and existing under the laws of the State of California, including but not limited to relevant sections of the Public Utilities Code. SCE is "primarily engaged in the business of supplying and delivering electricity through SCE's electrical infrastructure to an approximately 50,000 square-mile area of southern California."[2]

8. Doe Defendants 1 to 10 are individuals and entities, including parents, subsidiaries, employees, agents, contractors, or sub-contractors of the named defendants, whose identities are currently not known and who are responsible for the damages caused to the United States as alleged herein.

## JURISDICTION AND VENUE

9. This action seeks damages caused by the Eaton Fire and arises under Federal and California law, including Federal and state common law; California Health and Safety Code §§ 13007-13009.1; California Public Resources Code §§ 4292, 4293, 4421, and 4435; California Public Utilities Code §§ 451 and 2106; California Civil Code §§ 1714(a) and 3287; Title 36 of the Code of Federal Regulations §§ 261.5, 261.9, and 261.10; and 31 U.S.C. §§ 3711 and 3717.

10. The jurisdiction of this Court is invoked under 28 U.S.C. § 1345, in that the United States is the plaintiff.

11. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) in that the events giving rise to the United States' claims occurred in the Central District of California, Defendant SCE has its principal places of business within the Central District of California and is doing business within, and has sufficient contacts with, the Central District of California.

---

[2] Edison International and Southern California Edison, 2024 Annual Report at 119, available at: https://www.edison.com/investors/financial-reports-information/annual-reports (last accessed Sept. 2, 2025).

# GENERAL ALLEGATIONS

## I. The Eaton Fire

12. The Eaton Fire ignited on January 7, 2025 on or near the Angeles National Forest.

13. The Eaton Fire ignited from faulty power infrastructure or by sparks from faulty power infrastructure owned, maintained, and operated by SCE.

## II. Duties of SCE

14. SCE had non-delegable statutory and regulatory duties to properly inspect and maintain the areas through which its power and transmission lines passed to ensure that they were safe and clear from dangerous conditions. Specific non-delegable duties are set forth in California Public Resources Code § 4293 and regulations promulgated thereunder.

15. The power and transmission lines that ignited the Eaton Fire are "device[s] which may kindle a fire" within the meaning of California Public Resources Code § 4435.

16. Pursuant to California Public Resources Code § 4435, the ignition of the Eaton Fire by SCE's power and transmission lines is prima facie evidence of SCE's negligence in the maintenance, operation, or use of the power and transmission lines.

17. SCE operated and maintained the subject power lines that caused the Eaton Fire to ignite on or near National Forest System lands pursuant to an Easement and/or a Special Use Permit ("SUP") issued by the Forest Service.

18. The Easement governs SCE transmission equipment carrying more than 33 kilovolts (kV), while the SUP applies to SCE distribution equipment carrying less than 33 kV.

19. SCE accepted all of the terms and conditions contained in the Easement and the SUP.

20. At all times material to this action, the Easement and the SUP and their terms and conditions were and are authorized by law, including 43 U.S.C. §§ 1746(h)(1)

4

and (2), 1761 and 1765, and 36 C.F.R. §§ 251.53 and 251.56.

21. Pursuant to paragraph E of the Easement and paragraph F of the SUP, SCE was obligated to do everything reasonably within its power and require its employees and contractors to do everything reasonably within their power, to prevent and suppress fires on or near lands occupied under the Easement and/or the SUP.

22. Under the Easement and the SUP, SCE is strictly liable to the United States, obligated to indemnify the United States for any damage that its power lines caused and liable to the United States for its negligence.

23. Pursuant to paragraph H of the Easement and paragraph I of the SUP, SCE is obligated to indemnify the United States for damage to property arising from SCE's occupancy and use of National Forest System lands under the Easement and the SUP.

24. Pursuant to paragraph E of the Easement and paragraph F of the SUP, SCE shall pay the United States for all damages to federal property or resources and for all federal fire suppression costs resulting directly or indirectly from SCE's use and occupancy of the area covered by the Easement and the SUP, regardless of whether SCE is negligent or otherwise at fault.

III.  **Failure of SCE**

25. SCE knew about the potential danger posed by the high wind event and the risks posed by power and transmission lines but failed to take action to prevent it from igniting a fire. On January 6, 2025, SCE issued a press release titled, "Crews Ready for Extreme Winds, Possible Outages; With an intense Santa Ana wind event poised to hit this week, SCE is prestaging crews and equipment in anticipation of elevated fire danger."[3] The fire started during a "particularly Dangerous Situation" red flag warning with winds up to 100 mph. The three-month period from October 2024 to January 2025 was one of the driest on record for the local area.

---

[3] SCE Press Release, *Crews Ready for Extreme Winds, Possible Outages* (Jan 6, 2025), available at: https://energized.edison.com/stories/crews-ready-for-extreme-winds-possible-outages.

26. The Eaton Fire originated from SCE's operation, use, and maintenance of its power and transmission lines and SCE's negligence was a substantial factor in proximately causing the damages sustained by the United States. Although the government's investigation into the fire remains ongoing, in SCE's reports to the California Public Utility Commission ("CPUC") on January 27, 2025, and February 6, 2025, SCE stated that it operates three transmission towers in the Eaton Canyon area where the fire appears to have ignited. SCE admitted that it detected a "fault" on one of its transmission lines around the time that the Eaton Fire started. The fault occurred on a transmission line between the Gould and Eagle Rock substations, which are about five and 12 "circuit miles" away, respectively, from the fire's origin area. *See generally* CPUC website, https://www.cpuc.ca.gov/industries-and-topics/wildfires/wildfires-staff-investigations (last accessed on Sept. 2, 2025).

27. In a filing with the U.S. Securities and Exchange Commission on July 31, 2025, SCE stated:

> "SCE's ongoing internal review into the facts and circumstances of the Eaton Fire is complex and will require significant time. SCE's review includes ongoing inspections of its facilities and records and of third-party information and testing. While SCE has not conclusively determined that its equipment caused the ignition of the Eaton Fire, *concerning circumstantial evidence suggests that SCE's transmission facilities in the preliminary area of origin could have been associated with the ignition of the fire. Additionally, **SCE is not aware of evidence pointing to another possible source of ignition**. Absent additional evidence, SCE believes that its equipment could have been associated with the ignition of the Eaton Fire[.]*"

SCE Quarterly Report, Form 10-Q (July 31, 2025), at p.6 (emphasis added).[4]

---

[4] Available at: https://www.edison.com/investors/sec-filings.

28. Likewise, in a public statement made on July 31, 2025, Pedro Pizarro, President and Chief Executive Officer, SCE's parent company Edison International, stated: "On the Eaton Fire, the investigations by SCE and the LA County Fire Department remain ongoing. There are no additional disclosures on the ignition or estimated cost at this point. To recap, SCE is not aware of evidence pointing to another possible source of ignition. *Absent additional evidence, we believe that SCE equipment could have been associated with the ignition.*"[5]

29. SCE failed to properly maintain its power and transmission lines and infrastructure in or around the area where the Eaton Fire ignited.

30. Doe Defendants 1-5 are the agents, contractors or sub-contractors of Defendants, responsible for maintaining the power and transmission lines and are responsible for causing the Eaton Fire and the United States' damages. On information and belief, Doe Defendants 6-10 are the parent companies, partners or subsidiaries of Defendants and are vicariously liable or otherwise responsible for causing the Eaton Fire and the United States' damages.

31. Causing timber, trees, brush, or grass to burn except as authorized by permit is prohibited by law, including 36 C.F.R. § 261.5(c) and California Public Resources Code § 4421. Ignition of the Eaton Fire was not authorized by permit or by the United States. Carelessly or negligently causing a fire that is not a prescribed fire that damages the National Forest System is prohibited by 36 C.F.R. § 261.5. In addition, 36 C.F.R. § 261.9 prohibits damaging any natural feature or other property of the United States.

**IV.    Fire Suppression and Damages**

32. The Forest Service suppressed the Eaton Fire at substantial cost to the United States. In addition, the Eaton Fire caused damage to roads and natural resources on National Forest System Lands. As a result of its efforts to extinguish the Eaton Fire,

---

[5] Edison International, Second Quarter 2025 Financial Results CEO and CFO Earnings Call Prepared Remarks (July 31, 2025), available on SCE's website at: https://www.edison.com/investors/events-presentations.

the Forest Service sustained fire suppression costs and resource damages exceeding $40 million dollars.

33. The resource damages to the United States include, but are not limited to, loss of and damage to timber, trees, vegetation, habitat, wildlife, watershed and earth protection, property, improvement and archeological site damage, scenic and aesthetic values, and views, environmental damages, loss of use and recreation, and soil damage and erosion. This fire damage also caused needs for mitigation, rehabilitation and reforestation measures in burned areas, as well as for measures to protect burned areas and adjacent habitat.

34. Pursuant to California Health and Safety Code §§ 13009 and 13009.1, and 31 U.S.C. § 3717, the United States is entitled to recover its administrative, investigative, accounting, and collection costs, as well as interest and late payment charges, in addition to other damages arising from the Eaton Fire.

35. The United States has made a demand on SCE for payment of the costs and damages incurred by the United States to suppress the Eaton Fire and to undertake emergency rehabilitation efforts. SCE has not paid any part of the sum demanded by the United States.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**(Negligence and Negligence Per Se – Against All Defendants)**

36. The United States realleges its previous allegations as though fully set forth herein.

37. At all times relevant to this action, SCE breached its duty of care and was negligent in causing the Eaton Fire, including its failure to construct, maintain, and operate its power and transmission lines and equipment in a safe and effective working order to prevent fires and damage to the land and property of adjacent landowners, including the United States.

38. Amongst other acts and omissions, SCE breached its duty to use due care and caution in the design, construction, and maintenance of the SCE power and transmission lines and equipment in the area of the origin of the Eaton Fire.

39. SCE violated its general, statutory, and regulatory duties by failing to properly construct and maintain its power lines and equipment and take reasonable precautions to avoid starting and spreading a fire.

40. The United States and its constituent citizens are one of the classes of persons that California Public Resources Code §§ 4292, 4293, and 4294, California Public Utilities Code § 451, including Rules 31.1, 31.2, and 35 promulgated by the CPUC, and California Health and Safety Code § 13001 were intended to protect. SCE's violation of such provisions constitutes negligence per se and was a substantial factor in causing the United States' damages as alleged herein. SCE is liable for such damages, in an amount to be proven at trial.

41. SCE and Does 1-5 had a duty of care to properly inspect and maintain transmission lines and towers in the area of the subject power lines. SCE and Does 1-5 breached its respective duties to inspect and maintain the equipment that caused the ignition of the Eaton Fire.

42. SCE's negligent acts, omissions, and violations of law caused the Eaton Fire to ignite and proximately caused the damages the United States sustained.

43. SCE is responsible for all costs and damages caused by its own negligence, including those under common law and California Civil Code § 1714.

44. SCE's negligence, on its own and through its agents and employees, was the proximate cause of the Eaton Fire.

45. As a result of SCE's negligence, the United States incurred damages in an amount to be established at trial. SCE is liable for such damages.

## SECOND CLAIM FOR RELIEF

### (Cal. Health & Safety Code §§ 13001, 13007-13009.1, and Cal. Civil Code § 3287 – Against All Defendants)

46. The United States realleges its previous allegations as though fully set forth herein.

47. On January 7, 2025, SCE negligently and in violation of law, ignited the Eaton Fire, thereby setting fire to or allowing fire to be set to National Forest System lands within the Angeles National Forest.

48. The Eaton Fire destroyed property of the United States and caused the United States to incur fire suppression costs, property and natural resource damages, and other damages, including intangible damages to the environment, to be established at trial.

49. SCE is liable for all damages to the United States resulting from the Eaton Fire, including its fire suppression costs, damages for injury to federal property, natural resource damages, and the United States' administrative, investigative, accounting, and collection costs, under California Health & Safety Code §§ 13001, 13007-13009.1, and California Civil Code § 3287, in an amount to be established at trial.

## THIRD CLAIM FOR RELIEF

### (Cal. Public Resources Code § 4435 – Against SCE)

The United States realleges its previous allegations as though fully set forth herein.

50. Pursuant to California Public Resources Code § 4435, the origination of the Eaton Fire from SCE's operation and use of the power and transmission lines and equipment in the Angeles National Forest is prima facie evidence of SCE's negligence in the maintenance, operation, or use of its transmission lines and equipment. SCE's negligence was a substantial factor in proximately causing the damages the United States sustained as a result of the Eaton Fire.

51. As a result of SCE's negligence, the United States incurred damages in an

amount to be established at trial. SCE is liable for such damages.

## FOURTH CLAIM FOR RELIEF

### (Trespass by Fire – Against All Defendants)

52. The United States realleges its previous allegations as though fully set forth herein.

53. On January 7, 2025, SCE negligently and/or in violation of law, ignited the Eaton Fire on or near the Angeles National Forest, thereby setting fire to or allowing a fire to be set to National Forest System lands.

54. The Eaton Fire damaged and destroyed property of the United States, including causing damage to nearly 8,000 acres of National Forest System lands within the Angeles National Forest in Los Angeles County.

55. As a result of the Eaton Fire's trespass upon the National Forest System lands, the United States has incurred damages in an amount to be established at trial, including fire suppression costs, property damage, resource damages and any and all other recoverable costs and damages arising from the Eaton Fire, including the costs of rehabilitation, restoration and reforestation of the burned areas, loss of trees, timber, vegetation, and habitat, damage to archeological sites, damage to the soil and other matters, loss of use, scenic views, aesthetic values, other environmental damages, investigation costs, and administration costs. Defendants are also liable to the United States for wrongful injury to its timber, trees, and underwood pursuant to California Civil Code § 3346. SCE is liable for such damages.

## FIFTH CLAIM FOR RELIEF

### (Strict Liability Pursuant to the Easement and/or Special Use Permit – Against SCE)

56. The United States realleges its previous allegations as though fully set forth herein.

57. SCE is strictly liable to the United States pursuant to the Easement and/or the SUP without proof of negligence or proof that SCE is otherwise at fault, for damages

to federal property or resources and for all federal fire suppression costs the United States suffered as a result of the Eaton Fire, in an amount to be established at trial.

### SIXTH CLAIM FOR RELIEF

**(Indemnity Pursuant to the Easement and/or Special Use Permit – Against SCE)**

58. The United States realleges its previous allegations as though fully set forth herein.

59. SCE agreed, among other obligations, to be subject to and abide by the terms and conditions of the Easement and the SUP. Specifically, SCE agreed to compensate the United States for all damages resulting directly or indirectly from its use and occupancy of the area covered by the permit, including its power lines and equipment located within the Angeles National Forest. Such damages include damages to National Forest System lands and resources, property damage, suppression costs, and emergency rehabilitation costs.

60. The Easement and the SUP created a right of indemnity for the United States against SCE.

61. The Eaton Fire resulted from and related to SCE's use and occupancy of the area covered by the Easement and the SUP, including its power lines and equipment located within the Angeles National Forest.

62. Under the terms of the Easement and the SUP, SCE is liable to the United States for the United States' damages resulting from the Eaton Fire, in an amount to be established at trial.

### SEVENTH CLAIM FOR RELIEF

**(Breach of Easement and/or Special Use Permit – Against SCE)**

63. The United States realleges its previous allegations as though fully set forth herein.

64. Title 36 of the Code of Federal Regulations, Section 261.10 prohibits the violation of any term or condition of a special-use authorization, contract, or approved operating plan.

65. SCE breached its obligations to the United States under the Easement and/or the SUP in connection with the Eaton Fire, including its obligation to protect the land and property of the United States from damage, and to indemnify the United States for damage to property arising from SCE's occupancy and use of National System Forest lands.

66. As a result of these breaches by SCE, the United States incurred damages in an amount to be established at trial. SCE is liable to the United States for these damages.

## EIGHTH CLAIM FOR RELIEF

### (Interest and Penalties – Against All Defendants)

67. The United States realleges its previous allegations as though fully set forth herein.

68. Pursuant to California Health and Safety Code §§ 13009 and 13009.1, and 31 U.S.C. § 3717, the United States is entitled to recover its administrative, investigative, accounting and collection costs, as well as interest and late payment charges, in addition to other damages arising from the Eaton Fire.

69. The United States has demanded that SCE pay the costs and damages incurred by the United States due to the Eaton Fire. Defendants have not paid any part of the sum the United States demanded.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays:

1. For damages in an amount to be determined at trial against Defendants for fire suppression costs, property damage, resource damages, and any and all other recoverable costs and damages arising from the Eaton Fire, including the costs of rehabilitation, restoration, and reforestation of the burned areas, loss of trees, timber, vegetation, and habitat, damage to archeological sites, damage to the soil and other matters, loss of use, scenic views, aesthetic values, other environmental damages, investigation costs, and administration costs;

    2.    For double or triple damages for wrongful injury to the United States' timber, trees, and underwood pursuant to California Civil Code § 3346;

    3.    For interest and penalties allowable under the law;

    4.    For costs of this action; and

    5.    For such other and further relief as the Court deems just and proper.

Dated: September 4, 2025        Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

    */s/ Paul (Bart) Green*
PAUL (BART) GREEN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## **DEMAND FOR JURY TRIAL**

Plaintiff United States of America hereby demands a jury trial in this case.

Dated: September 4, 2025        Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

    */s/ Paul (Bart) Green*
PAUL (BART) GREEN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA